UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD TIDD, KRISTI GRUHN, and** all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ADECCO USA, INC., KELLY SERVICES, INC., FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY,**<br><br>Defendants. | Case No. 1:07-cv-11214-GAO |

### DEFENDANTS' MOTION TO STAY CONSIDERATION OF PLAINTIFFS' MOTION TO "ALLOW NOTICE"

The Defendants in this action—Adecco USA, Inc., Kelly Services, Inc., and FedEx Ground Package System, Inc.—respectfully ask the Court to stay its consideration of the Plaintiffs' "Motion to Allow Notice to be Sent to Potential Plaintiffs Informing Them of Their Right to Opt-In to this Case Under the Fair Labor Standards Act, 29 U.S.C. § 216(b)" (hereinafter "Motion to Allow Notice" or "Motion"). The Plaintiffs should not be permitted to proceed with their premature Motion to Allow Notice in advance of this Court's resolution of the Defendants' pending Motion to Dismiss, which may moot the Plaintiffs' Motion in whole or in part. Insofar as the Plaintiffs have already significantly delayed the filing of their Motion to Allow Notice, the additional elapsed time that would result from the requested stay will not unfairly prejudice the Plaintiffs or members of the putative class. Accordingly, this Motion to Stay should be allowed.

As grounds for this Motion to Stay, the Defendants state as follows:

1.      The Plaintiffs' Motion, which was not filed until Friday, January 18, is, in effect, a motion to certify a class conditionally so that the Plaintiffs may discover identification and contact information for certain temporary drivers for FedEx Ground from throughout the country and promulgate a court-approved notice to those drivers.

2.      Presently pending before the Court, however—and due to be heard next week—is a joint Motion to Dismiss filed by all of the Defendants. If this joint Motion to Dismiss is granted in its entirety, then the Plaintiffs' Motion to Allow Notice will be moot. Moreover, even if the Defendants' Motion to Dismiss is not granted in its entirety, the case is likely to be reduced in its geographic scope, or otherwise, to conform to the claims for which the representative Plaintiffs colorably have standing. *See* Defs.' Mem. in Support of Mot. to Dismiss, R.30 at 10–11, 13 (if this case continues at all, it should extend no broader than drivers for FedEx Ground's Home Delivery division in Massachusetts and, perhaps, Vermont and New Hampshire). Under these circumstances, it would be premature for the Court to consider the Plaintiffs' Motion, which seeks nationwide information and notice.

3.      Any assertion by the Plaintiffs that statute of limitations concerns preclude granting the requested stay, as they suggest in their Motion to Allow Notice, rings hollow. If time were truly of the essence with respect to the claims of the Plaintiffs and the members of the putative class, the Plaintiffs should have addressed those claims at some prior point in the nearly seven (7) months this case has been pending, the four (4) months since the Defendants moved to dismiss, or the two (2) months since this Court set the hearing on the Motion to Dismiss, rather than asserting them on the eve of the hearing in a transparent effort to complicate the Court's consideration of the Motion to Dismiss.

4.      In a case whose continued viability and scope has yet to be determined, the Plaintiffs should not be permitted to obtain sweeping discovery about, or to give notice to, drivers from around the country whom the Plaintiffs do not even have standing to represent. Accordingly, the Defendants respectfully request that consideration of the Plaintiffs' Motion to Allow Notice be stayed until the Court reaches a decision regarding the Motion to Dismiss.

Wherefore, for all of the above-stated reasons, the Defendants respectfully request that their Motion for Stay be allowed, and that the Court grant them the following relief:

(i)   Stay consideration of the Plaintiffs' Motion to Allow Notice until the Court has ruled on the Defendants' Motion to Dismiss;

(ii)  If the Court grants the Motion to Dismiss in its entirety, deny the Motion to Allow Notice as moot;

(iii) If the Court denies the Motion to Dismiss in whole or in part, allow the Defendants twenty-one (21) days to file their opposition to the Motion to Allow Notice; and

(iv)  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

          ADECCO USA, INC.

          By its attorneys,

          /s/ Donald W. Schroeder
          Donald W. Schroeder (BBO # 646700)
          Kevin M. McGinty (BBO # 556780)
          James M. Nicholas (BBO # 653892)
          MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
            POPEO, P.C.
          One Financial Center
          Boston, MA 02111
          (617) 542-6000
          DSchroeder@mintz.com

KELLY SERVICES, INC.

By its attorneys,

/s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Brigitte M. Duffy (BBO# 565724)
Leah M. Moore (BBO# 658217)
Anthony S. Califano (BBO# 661136)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA  02210
(617) 946-4800
ralfred@seyfarth.com
bduffy@seyfarth.com
lmoore@seyfarth.com
acalifano@seyfarth.com

Gerald L. Maatman, Jr., admitted *pro hac vice*
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL  60603
(312) 460-5000
gmaatman@seyfarth.com


FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY

By its attorneys,

/s/  Michael Clarkson
Michael Clarkson (BBO # 646680)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA  02109
(617) 788-5015
mclarkson@morganbrown.com

Robert K. Spotswood, admitted *pro hac vice*
Kenneth D. Sansom, admitted *pro hac vice*
Emily J. Tidmore, admitted *pro hac vice*
SPOTSWOOD, SANSOM & SANSBURY LLC
940 Concord Center

           2100 Third Avenue North
           Birmingham, AL  35203
           (205) 986-3620
           rks@spotswoodllc.com
           ksansom@spotswoodllc.com
           etidmore@spotswoodllc.com

Dated:  January 28, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Monday, January 28, 2008, I filed Defendants' Motion to Stay Consideration of Plaintiffs' Motion to "Allow Notice" with the United States District Court, District of Massachusetts, Clerk of the Court by ECF.

I HEREBY FURTHER CERTIFY that on Monday, January 28, 2008, I served Defendants' Motion to Stay Consideration of Plaintiffs' Motion to "Allow Notice" upon Plaintiffs' counsel Shannon Liss-Riordan, Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108, sliss@prle.com, by email and U.S. mail; upon Defendant FedEx Ground Package System, Inc.'s counsel Michael Clarkson, Morgan Brown & Joy LLP, 200 State Street, Boston, MA 02109, mclarkson@morganbrown.com, by email and U.S. Mail; upon Defendant FedEx Ground Package System, Inc.'s counsel Robert K. Spotswood and Kenneth D. Sansom, Spotswood Sansom & Sansbury LLC, 940 Concord Center, 2100 Third Ave. North, Birmingham, AL 35203, rks@spotswoodllc.com and ksansom@spotswoodllc.com, by email and U.S. mail; and upon Adecco, Inc.'s counsel Donald W. Schroeder, James M. Nicholas, and Kevin M. McGinty, Mintz, Levin, Cohn, Glovsky & Popeo, P.C., One Financial Center, Boston, MA 02111, dschroeder@mintz.com, jnicholas@mintz.com, and kmcginty@mintz.com, by email and U.S. Mail.

/s/ Brigitte M. Duffy<br>
Brigitte M. Duffy