UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11214-GAO

RICHARD TIDD, KRISTI GRUHN,
and all others similarly situated,
Plaintiffs,

v.

ADECCO USA, INC., KELLY SERVICES, INC., FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACAKGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY,
Defendants.

OPINION AND ORDER
March 16, 2010

O'TOOLE, D.J.

I. **Motion for Judgment on the Pleadings (dkt. no. 98)**

The defendants, Adecco USA, Inc. and Kelly Services, Inc. (collectively, the "staffing agency defendants"), have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) with respect to the plaintiffs' claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Massachusetts state law.

The staffing agency defendants' argument proceeds in three parts: First, they note that on a Rule 12(c) motion all factual allegations in the complaint must be accepted as true. Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). Second, the staffing agency defendants point out that the plaintiffs themselves allege that they were jointly employed by the staffing agency defendants and FedEx Ground Package System, Inc. and FedEx Ground Package System, Inc d/b/a FedEx Home Delivery (collectively, "FedEx") and, in accordance with the previous proposition, those allegations should be accepted as true for purposes of the present Rule 12(c) motion. (See Compl. ¶¶ 2, 3, 11.) Third, the staffing agency defendants say that if they are joint

employers, then they share FedEx's exemption from all overtime wage requirements under the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), and are entitled to judgment accordingly. See Tidd et al. v. Adecco USA, Inc. et al., No. 07-11214, at 7 (D. Mass. Sept. 17, 2009) (dkt. no. 62) (Opinion & Order) (holding that the Motor Carrier Act exemption foreclosed all overtime wage claims against FedEx).[1]

The plaintiffs argue that the allegations about joint employment are legal conclusions that need not be credited on a Rule 12(c) motion. See, e.g., Moreau v. Air France, 356 F.3d 942, 946 (9th Cir. 2004); Donovan v. Brandel, 736 F.2d 1114, 1116 (6th Cir. 1984). Even so, such legal conclusions are based on "historical facts." Cf. Reich v. Newspapers of New Eng., Inc., 44 F.3d 1060, 1073 (1st Cir. 1995). To determine whether a joint employment relationship existed, courts apply an "economic reality" test that considers historical facts, including "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998). Based on these historical facts, courts make a legal conclusion as to whether a joint employment relationship existed. Cf. Reich, 44 F.3d at 1073.

Here, the staffing agency defendants say that the facts alleged in the complaint establish that a joint employment relationship existed. The complaint alleges that the plaintiffs' "work and duties were controlled by FedEx," (Compl. ¶ 11); that the plaintiffs were "required to attend an

---

[1] A procedural aside: At oral argument, the plaintiffs suggested that judgment on the pleadings would be inappropriate because, at trial, they would abandon the joint employer theory pled in the complaint at least with respect to the overtime wage claims. The staffing agency defendants countered that even if the plaintiffs were able to do that, the issue of joint employment could be asserted as an affirmative defense. Whether joint employment is a claim or a defense, judgment on the pleadings is appropriate if the facts establishing this relationship are ascertainable from the complaint. See Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (explaining that a Rule 12(c) motion is an appropriate vehicle to resolve an affirmative defense).

2

approximate two-week training program located at various FedEx facilities throughout the United States," (id. ¶ 12), to learn about "all aspects of performing package delivery services" for FedEx, (id. ¶ 13); and that "FedEx was responsible for reporting the number of hours each trainee worked to Adecco or Kelly," (id. ¶ 14).[2] Accepting these facts as true, the conclusion that the staffing agency defendants and FedEx were joint employers of the plaintiffs is justified.

The staffing agency defendants then argue that the overtime wage claims must be dismissed because, as joint employers, they share FedEx's exemption from overtime wage requirements under the Motor Carrier Act exemption. This, of course, is the nub of the parties' fencing over the joint employment issue.

The staffing agency defendants rely on Moore v. Universal Coordinators, Inc., 423 F.2d 96 (3d Cir. 1970), apparently the only appellate decision on point. There, the plaintiffs filed an overtime wage claim against their employer, Universal Coordinators, Inc. ("Universal"), a "manpower supply agency," which had leased them as truck drivers to International Paper Company ("International"), a "motor carrier." Id. at 96. The Third Circuit held that the plaintiffs were jointly employed by Universal and International and affirmed a grant of summary judgment in Universal's favor because the Motor Carrier Act exemption foreclosed an overtime wage claim against a non-motor carrier where the plaintiffs were jointly employed by a motor carrier that was entitled to the exemption. Id. at 98-99. Statutes, as the circuit noted, must be interpreted in light of their "dominant purpose." See id. at 99. The Motor Carrier Act exemption permits the Secretary of Transportation to regulate the qualifications and maximum hours of employees whose work affects the "safety of operation" of a motor carrier. Id. at 98-99. According to Third

---

[2] Adecco and Kelly did not dispute these facts, (see Def. Kelly Servs., Inc.'s Answer to Pls.' Compl. ¶¶ 11-14; Def. Adecco USA, Inc.'s Answer to Class Action Compl. & Jury Demand ¶¶ 11-14); thus, the plaintiffs' argument that this Rule 12(c) motion is inappropriate because the material factual allegations are disputed lacks merit.

Circuit, the Secretary's authority "would be rendered nugatory if he were powerless to prevent a carrier from using unqualified and overtired drivers simply because the drivers are technically the employees of a manpower-supply agency." Id. at 100. Put another way, extending the Motor Carrier Act exemption to joint employers prevents circumvention of the Secretary's regulatory authority. See id.

The plaintiffs suggest that the Motor Carrier Act exemption need not be extended to the staffing agency defendants because here, unlike in Moore, there is no potential for circumvention of the Secretary's regulatory authority. According to the plaintiffs, Congress intended to remove drivers of trucks weighing less than 10,001 pounds, including the plaintiffs, from the Secretary's jurisdiction via the 2005 SAFETEA-LU amendments. See Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Uses, Pub. L. No. 105-59, 119 Stat. 114 (2005). The Court has already rejected this argument in connection with FedEx's motion for summary judgment and the plaintiffs' subsequent motions for reconsideration, certification for interlocutory appeal, and entry of separate judgment, and it does the plaintiffs no good to raise it again (except, perhaps, out of an excess of caution in preserving the issue for appeal).

The Court agrees with the Moore court that a statute must be interpreted "'in light of the statute's manifest purpose.'" See United States v. Lachman, 387 F.3d 42, 51 (1st Cir. 2004) (quoting Gen. Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 594 (2004)). The Motor Carrier Act exemption, as explained in Moore, safeguards the Secretary of Transportation's authority to regulate the qualifications and maximum hours of employees whose work affects the "safety of operation" of a motor carrier. See 423 F.2d at 98-99. By the plaintiffs' own pleading, they are such employees because they were jointly employed by FedEx, a motor carrier. Refusing to extend the Motor Carrier Act exemption to the staffing agency defendants would therefore

facilitate what Congress sought to prohibit—circumvention of the Secretary's regulatory authority.

In sum, the overtime wage claims against the staffing agency defendants as joint employers are foreclosed by the Motor Carrier Act exemption. The staffing agency defendants' Motion for Judgment on the Pleadings (dkt. no. 98) is GRANTED.

**II.     Motion to Adopt Form of Collective Action Opt-in Notice and Consent Form (dkt. no. 68)**

The parties may within five (5) days submit revised proposed notices taking into account the Court's present decision on the motion for judgment on the pleadings. If revised notices are not received, the Court will promptly resolve the notice dispute based on the notices proposed in October 2008.

**III.    Motion for an Equitable Toll of the Statute of Limitations (dkt. no. 105)**

The plaintiffs' request for equitable tolling of the statute of limitations for potential class members is premature. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986). Because these persons have not yet opted-in to the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue. See Cotter v. City of Boston, 323 F.3d 160, 173 (1st Cir. 2003) ("Article III's cases and controversies language prohibits federal courts from issuing advisory opinions. A court may not decide questions that cannot affect the rights of litigants in the case before it.") (internal quotation omitted). At this time, the plaintiffs' Motion for an Equitable Toll of the Statute of Limitations (dkt. no. 105) is DENIED, without prejudice to renewal at an appropriate time.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge